JAMES A. MICHEL
State Bar No. 184730
2912 Diamond Street, #373
San Francisco CA  94131-3208
Tel.: 415/ 239-4949
attyjmichel@gmail.com

Attorney for Debtor and Plaintiff
ROGER JOSEPH KUO

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>ROGER JOSEPH KUO, x-3765<br>201 Sansome St. #202<br>San Francisco, CA 94104-2329<br><br>    Debtor.<br>_____<br>ROGER JOSEPH KUO,<br><br>    Plaintiff,<br><br>vs.<br><br>MARIA LOPEZ NEGRETE RIVERA,<br><br>    Defendant. | No. 24-30566 HLB 13<br><br>Chapter 13<br><br><br><br><br>Adv. Proc. No. 24-03032<br><br>Memorandum of Points and Authorities in support of Motion for Summary Judgment or in the alternative, Partial Summary Judgment<br><br>Date : May 22, 2025<br>Time : 2:00 p.m.<br>Loc'n : Video or Telephone<br>Judge: Hon. Hannah L. Blumenstiel |

**Introduction**

Chapter 13 debtor Roger Joseph Kuo filed this action against Defendant Maria Lopez Negrete Rivera for a determination that the judgment liens purportedly created by the abstracts of judgment in Defendant's Proof of Claim (Claim 6) are void and of no effect from their inception, and to object to Defendant's claim, which is Claim 6 in the Register of Claims.

On today's date, the day that Debtor's motion for summary judgment was due to be filed, Defendant amended Claim 6 to include a copy of an amended abstract of judgment recorded on 8/5/2016, after entry of the judgment on

7/11/2016. However, that abstract was never indexed properly as to Roger Kuo's name, which could explain why Defendant did not produce it until now.

**Statement of Facts**

Defendant is a judgment creditor whose newly-located amended abstract after entry of the actual judgment was never indexed properly. (See Decl. of James Michel, **Exh. 101**.) Prior to recording the 8/5/2016 abstract, Defendant recorded abstracts on costs and attorney fee awards which were entered before entry of the judgment. The judgment was entered on 7/11/2016. (See Defendant's Amended Claim 6, Part 2, filed 3/27/2025.)

The amended abstract, recorded 8/5/2016, does not state, in Item 3., the creditor's address, but instead states the attorney's address. (See Defendant's Amended Claim 6, Part 3, filed 3/27/2025.)

Similarly, the abstracts recorded on 9/30/2014 and 1/21/2015 did not state, in Item 3., the creditor's address, but instead states the attorney's address. (See Decl. of James Michel, **Exhs. 102 and 103**.) In addition, the abstracts recorded on 9/30/2014 and 1/21/2015 were premature and did not reflect entry of any actual judgment. Defendant concedes that the abstract recorded on 9/30/2014 is invalid, because the 1/27/2013 award on which it is based was more than ten years old before initiation of the main chapter 13 case on 7/29/2024. (See Rivera Memo. iso MSJ, Doc# 30, 1:20-23.)

The document attached to the Declaration of James Michel as **Exhibit 104** is a true copy of the Judicial Council of California's form MC-013-INFO, Information Sheet for Calculating Interest and Amount Owed on a Judgment. (See Michel Decl, **Exh. 104**.)

Debtor refers the reader to the first amended chapter 13 plan in the main case, Case No. 24-30566 (Doc# 33). The plan, as amended, proposes to pay $1,100 for 60 months, for a total of $66,000. (24-30566, Doc# 33, p. 1 of 6, Section 2.1.)

Further examination of the plan, as amended, shows that the bulk of the money paid into the plan is allocated to Secured Creditor State of California Franchise Tax Board (FTB) in the amount of $29,914.43 plus 3.0% interest. (24-30566, Doc# 33, p. 2 of 6, Section 5, Class 1.) Over five years, the amount going to FTB on the secured lien is about $32,292.90. The second highest sum to be paid out of the $66,000 is the remainder of Debtor's Attorney's Fees, which is the amount of $13,800.

The remaining $19,907.10 is left to pay trustee's fees and unsecured creditors. If the trustee's fees amount to about $6,600, the unsecured creditors would be left with about $13,307, which probably amounts to less than five percent of the unsecured claims.

**Statement of Issues**

1. Whether there is any genuine issue of material fact that Defendant's 8/5/2016 abstract of judgment did not provide constructive notice, and that the liens must be avoided pursuant to 11 U.S.C. § 544(a) ?

   Short Answer: No, there is no genuine issue of material fact that the abstract of judgment was not properly indexed as to Roger Kuo, and as a result does not provide constructive notice.

2. Whether there is any genuine issue of material fact that Defendant's abstracts of judgment are defective for failure to comply with Code of Civil Procedure § 647(a), and that the purported liens must be avoided pursuant to 11 U.S.C. § 544(a) ?

   Short Answer: No, there is no genuine issue of material fact that the abstract of judgment lacks information required by the Legislature, because it contains false or incorrect information, and is missing required information.

3. Whether the Court should expunge the abstracts from the record upon finding that they are void *ab initio*?

   *Short Answer*: Yes, the abstracts must be expunged from the record upon a finding that they are void, and the invalidity of the abstract at the time of formation means that there was never any valid lien.

4. Whether the Court should disallow Claim 6, as amended, as a secured claim, and allow it only as an unsecured claim in the amount of no more than $44,542.06?

*Short Answer*: Yes, Claim 6, as amended, cannot be a secured claim due to the defects in the abstracts, and if allowed, can only be an unsecured claim limited to $44,542.06, because Defendant did not preserve her right to add judgment interest.

## Argument

**I. Kuo is Entitled to Judgment As a Matter of Law Because No Genuine Dispute Exists as to Any Material Fact That the Abstracts of Judgment are Defective**

A motion for summary judgment may be made at any time until 30 days after the close of discovery, unless a local rule or court order provides otherwise. (Fed.R.Civ.P., Rule 56(b).)

Fed. R. Civ. P. 56(c), made applicable by Fed. R. Bankr. P. 7056, provides that the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P., Rule 56(c)(1)(B).

The moving party "initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litigation*, 627 F.3d 376, 387 (9th Cir. 2010). If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Facts must be viewed in the light most favorable to the nonmoving party **only** if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). The non-movant must show more than "some metaphysical doubt as to the material facts" (*Matsushita Elec. Indus. Co. v. Zenith Radio Corp., supra,* 475 U.S. at p. 586); he or she must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P., Rule 56(e).

///

"Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Because the principal purpose of summary judgment is to isolate and dispose of factually unsupported claims at an early junction in the proceeding, Rule 56 should be interpreted in a way that allows it to accomplish this purpose. *Id*. at pp. 323-324.

Rule 56(a) explicitly provides for summary judgment on "part of each claim or defense." *American Nurses' Ass'n v. State of Illinois*, 783 F2d 716, 729 (7th Cir. 1986). Moreover, Rule 56(g) provides as follows:

> [i]f the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case.

(FRCP 56(g).)

## II. Kuo Is Entitled to a Ruling That Defendant's Lien Is Void

### A. Kuo Sues Pursuant to 11 U.S.C. § 544

Kuo has standing to file a § 544 action, concurrent with the chapter 13 trustee. 11 U.S.C. § 1303; *In re Cohen*, 305 B.R. 886, 897 (B.A.P. 9th Cir. 2004). *In re Cohen* stands for the proposition that a chapter 13 debtor may avoid a lien with a trustee's power so long as it **benefits** the estate or creditors: "We conclude that chapter 13 debtors have standing to exercise trustee avoiding powers for the benefit of the estate." *Id*., at p. 889.

The purpose of the federal lien avoidance action created by § 544 is to maximize recovery to the bankruptcy estate, which results in a higher amount of money available to pay unsecured creditors. *In re Yahweh Ctr., Inc.*, 27 F.4th 960, 965 (4th Cir. 2022). Kuo's adversary proceeding would accomplish that purpose, because if Schulman's purported lien is avoided, the unsecured creditors will obtain substantially more of a percentage of their claims.

There is no dispute that § 544(a)(1) applies to this case, because Defendant's abstract attempted to create a judgment lien as a pre-petition transfer of property of the debtor. The definition of "transfer" includes "the creation of a lien" (11 U.S.C. § 101(54)(A)), and Kuo's real property was "property of the debtor" on the petition date of this case. *In re Kessler*, No. 20-51377, 2022 WL 982735, at *7 (Bankr. N.D. Ohio Mar. 31, 2022) (critical timing for "property of the debtor" is petition date).

Here, Debtor's plan can only afford to pay the $29,914 (plus interest) to FTB, the $13,800 to Debtor's attorney, and some amount that is probably less than five percent to unsecured creditors. Naturally, a finding that Schulman's lien is void *ab initio* benefits Debtor's chapter 13 plan, because if Debtor had to pay Schulman as a secured creditor, the plan would not be viable.

Thus, Kuo stands in the shoes of either a hypothetical bona fide purchaser, or a hypothetical third party lien creditor, with the right to invalidate the lien, due to the 8/5/2016 abstract being improperly indexed, or due to the abstracts being fatally defective.

### B. The 8/5/2016 Abstract Was Not Indexed for "Roger Kuo"

Section 544 permits a transaction to be avoided if a hypothetical bona fide purchaser as of the date of bankruptcy could have avoided the transaction. Actual knowledge, whether of a trustee or the debtor in possession, is disregarded in determining bona fide purchaser status; only constructive or inquiry notice will defeat the trustee's avoiding powers. *In re Kim*, 161 B.R. 831, 838 (B.A.P. 9th Cir. 1993). The reason for lack of constructive notice as to the hypothetical bona fide purchaser is that the amended abstract recorded on 8/5/2016 was not indexed properly. The 8/5/2016 abstract is not indexed as to the judgment debtor's name of Roger Kuo. (See Michel Decl., **Exh. 101**.) The undersigned never found an abstract on the 7/11/2016 judgment by doing searches under Debtor's name (Michel Decl., ¶ 3), and apparently Defendant and her attorney also could not

locate it, or they would have included it with the initial proof of claim.

The first page of Exhibit 101 to the Michel Decl. shows where the 8/5/2016 abstract would be, had it been indexed properly. The second and third pages show the Negrete Rivera abstracts which were indexed properly as to Roger Kuo.

A party does not have constructive notice of a recorded instrument until that document has been properly indexed so it can be located through a search of the public records. *Fox v. Nowlin (In re Nowlin)* (Bankr. C.D. Cal. 2016) 558 B.R. 907, 913-14. (See also *Dyer v. Martinez* (2007) 147 Cal.App.4th 1240, 1243.) The Michel declaration in ¶ 3 explains how the name "kuo roger" does not show the 8/5/2016 abstract, and Exhibit 1 shows the search results. Plaintiff asks that the abstract recorded on 8/5/2016 be expunged pursuant to *In re Thomas*, 102 B.R. 199, 201 (B.A.P. 9th Cir. 1989).

The trustee stands in the shoes of a bona fide purchaser pursuant to subdivision (a)(3) of § 544, while Debtor's first amended complaint referenced the hypothetical lien creditor of subdivision (a)(1). Section 544 applies nonetheless, and in any event, the Ninth Circuit Court of Appeals has repeatedly affirmed this Court's power to grant summary judgment on a new fact which is not in dispute, even if the legal reasoning varies slightly from the ground stated in the operative pleading. *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (plaintiff should be allowed to incorporate a claim by amendment under Fed.R.Civ.P. 15(b) if raised in a motion for summary judgment *Jackson v. Hayakawa*, 605 F.2d 1121, 1129 (9th Cir.1979); see also *Apache Survival Coal. v. United States*, 21 F.3d 895, 910 (9th Cir.1994) (quoting *Johnson v. Mateer*, 625 F.2d 240, 242 (9th Cir.1980)).

This should be particularly true in an instance like this one, in which Defendant presented the newly-located amended abstract in her amended proof of claim filed on the same date that Debtor's motion for summary judgment was due. Here, there is no lack of notice provided by Debtor's first amended

complaint, which clearly invoked Debtor's right to sue with the powers of a trustee under 11 U.S.C. § 544. That the improper indexing issue relates more to the hypothetical bona fide purchaser referenced in subdivision (a)(3) as opposed to the hypothetical lien creditor in (a)(1) should not necessitate any further delay to again amend Debtor's complaint. The legal theory as to Debtor's rights to sue with the powers of the trustee pursuant to § 544 is clear enough.

### C. The Abstracts Lack the Creditor's True Address

Code of Civil Procedure § 674(a) requires, among other things, that the creditor list on the abstract of judgment, its own true address (§ 674(a)(4)).

Defendant concedes that neither the amended abstract recorded on 8/5/2015, nor the abstract recorded on 1/21/2015, state, in Item 3., the creditor's address, but instead, each lists the address for the creditor's attorney. The creditor's attorney is listed as having an address "care of" her attorney's address, which is not the creditor's true address. Incorrect information is not sufficient to meet the requirements of Code of Civil Procedure § 674(a). *Keele v. Reich*, 169 Cal. App. 3d 1129, 1132 (Cal. Ct. App. 1985).

### D. The Abstracts of Judgment Are Not In "Substantial Compliance" Because Required Information is Either Missing or Incorrect

Although Defendant argues that the abstracts substantially comply with the statute, courts have ruled that the creditor does not substantially comply with statutory formalities of CCP § 674 if the abstract of judgment is missing required information or lists incorrect information. *Keele v. Reich, supra*, 169 Cal. App. 3d at p. 1133. The substantial compliance doctrine can only save an abstract improper as to form if it still contains on its face all of the substance required by the statute. *Id.*

Here, it is undeniable that the address of the judgment creditor on the abstracts are **incorrect**, because the creditor does not live at her attorney's address. (See Defendant's Amended Claim 6, Part 3, filed 3/27/2025.) Because

the incorrect information is of the type that is required to be disclosed pursuant to CCP § 674(a), then the abstract is invalid. In *Keele v. Reich, supra*, 169 Cal. App. 3d at p. 1130, the reviewing court held that false information rendered the abstract invalid. In *Keele*, the false information was that the creditor did not know the judgment debtor's social security number. Put another way, incorrect information is not sufficient to meet the requirements of section 674(a). *Id.*, at p. 1132. Here, the false or incorrect information is that the judgment creditor's address was the same as its attorney of record in the case.

The *Keele* Court discussed earlier published decisions in which incorrect information was insufficient, and rendered a lien invalid. *Keele v. Reich, supra*, 169 Cal. App. 3d at p. 1130. In *Huff v. Sweetser*, 8 Cal. App. 689, 696 (Cal. Ct. App 1908), the reviewing court found that use of the judgment debtor's name prior to marriage in the abstract did not create a valid lien. In *Ellrott v. Bliss*, 147 Cal. App. 3d 901, 905 (Cal. Ct. App 1983), an abstract was found to be inadequate, and the lien invalid, where it contained only a monthly payment amount instead of the total amount of the judgment, such that the total amount of the judgment could not be determined from the face of the abstract.

The Ninth Circuit Court of Appeals addressed this issue affirming a bankruptcy court decision, in *In re Ahn*, 804 F. App'x 541, 546–47 (9th Cir. 2020). There it was held that the inclusion of the address for the creditor's attorney on the abstract of judgment does not constitute substantial compliance with section 674(a)(4)'s requirement that the abstract contain the judgment creditor's address. The Ninth Circuit wrote as follows:

> "[a] contrary finding would run afoul of the *Keele* court's clear directive that "the application of a liberal construction [of section 674(a)] would frustrate legislative intent regarding the specific contents of abstracts.

*In re Ahn, supra*, 804 F. App'x at pp. 546–47 (9th Cir. 2020).

///

In sum, incorrect or false information in the abstract renders the purported lien invalid, because the judgment creditor did not comply with the statutory provisions that evidence the Legislature's determination as to what constitutes proper notice. *Keele v. Reich, supra*, 69 Cal. App. 3d at p. 1133. Here, Defendant did not comply with Cal. CCP § 674(a)(4), because she did not provide the creditor's address.

### E. Abstracts Recorded Before Entry of Judgment Are Null

This Court has the power to cancel or otherwise void an abstract of judgment obtained fraudulently and not in compliance with Code of Civil Procedure section 674 because it does not accurately reflect "[t]he amount of the judgment." *Weeden v. Hoffman*, 70 Cal. App. 5th 269, 295 (2021).

There can be only one final judgment in a case. A final judgment is "the final determination of the rights of the parties in an action or proceeding." (Cal. Code Civ. Proc. § 577.) An order is a written direction of a court not included in a judgment. (§ 1003.) Generally an order is not a final order until the final judgment in the matter has been entered. *Marsh v. Mountain Zephyr, Inc.*, 43 Cal. App. 4th 289, 297 (1996).

Here, the final judgment in the case was entered on 7/11/2016, which is after the recordation of the earliest two abstracts, neither of which followed the entry of a final judgment. This Court should declare the abstracts recorded on 9/30/2014 and 1/21/2015 to be void *ab initio*.

### III. The Court Should Expunge the Abstracts from the Record

Upon request of a debtor who has obtained an order that a lien is invalid, the bankruptcy court has the power to expunge the abstract from the record. *In re Thomas*, 102 B.R. 199, 202 (Bankr. E.D. Cal. 1989). In *Thomas*, the abstract was void owing to the bankruptcy discharge. Here, the abstract is invalid owing to the original judgment creditor's failure to comply with Cal. CCP § 674(a).

///

**IV. Defendant's Proof of Claim, as Amended, Must be Disallowed as a Secured Claim, and Should be Allowed as an Unsecured Claim in an amount of no more than $44,542.06**

As shown above, the abstracts of judgment which Defendant recorded are void *ab initio*, and in the instance of the newly-located abstract, finally presented by Defendant today (Defendant's Amended Claim 6, Part 3, filed 3/27/2025), avoidable because it did not provide constructive notice. As a result, Defendant does not have a secured claim, and Claim 6, as amended must be disallowed as a secured claim. As to the amount of the unsecured claim, if Defendant has a claim at all, it cannot include judgment interest, because there is no dispute that Defendant did not preserve her right to add judgment interest by serving and filing the Memorandum of Costs After Judgment.

**Conclusion**

Defendant's newly-presented amended abstract recorded on 8/5/2016 was not properly indexed as to Roger Kuo, and Debtor has the trustee's right to avoid the lien because it did not provide constructive notice to a hypothetical bona fide purchaser. Defendant's other abstracts are not on a final judgment and are nullities.

Another legal ground for nullifying Defendant's abstracts is that they do not contain the creditor's true address, an item of information required by California Code of Civil Procedure § 674.

Defendant's Claim 6, as amended, must be disallowed as a secured claim. The Court may indicate the amount of Defendant's unsecured claim.

Summary judgment must be granted in favor of Debtor and Plaintiff Roger Joseph Kuo. In the alternative, Debtor requests partial summary judgment as to any claim or defense, or any "part of each claim or defense," pursuant to Rule 56(a) and (g).

DATED: March 27, 2025        /s/ James A. Michel
                             JAMES A. MICHEL
                             Attorney for Debtor / Plaintiff
                             ROGER JOSEPH KUO