

Signed and Filed: June 9, 2025

_____
**HANNAH L. BLUMENSTIEL
U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>ROGER JOSEPH KUO,<br><br>      Debtor.<br>_____<br>ROGER JOSEPH KUO,<br><br>      Plaintiff,<br>v.<br><br>MARIA LOPEZ NEGRETE RIVERA,<br><br>      Defendant.<br>_____ | Case No. 24-30566 HLB<br><br>Chapter 7<br><br><br><br><br>Adv. Proc. No. 24-3032 HLB |

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

This proceeding came before the court on May 22, 2025 for a hearing on cross-motions for summary judgment filed by Defendant Maria Lopez Negrete Rivera[1] and Plaintiff Roger Joseph Kuo.[2] Both parties filed oppositions[3] and replies.[4] Appearances were

---

[1] Dkt. 29 (the "Negrete Rivera Motion").

[2] Dkt. 32 (the "Kuo Motion").

[3] Dkt. 38 (Defendant's opposition) and Dkt. 39 (Plaintiff's opposition).

[4] Dkt. 40 (Defendant's reply) and Dkt. 41 (Plaintiff's reply).

as noted on the record. For the reasons stated below, the Kuo Motion is hereby **GRANTED** and the Negrete Rivera Motion is **DENIED**.

I. Background

The parties do not dispute the following facts. Ms. Negrete Rivera sued Mr. Kuo in San Francisco Superior Court (the "State Court").[5] Ms. Negrete Rivera alleged that Mr. Kuo operated a luxury watch retail business that engaged in unlawful business practices.

On the eve of trial, the parties entered into a settlement agreement whereby Mr. Kuo was to pay damages immediately and agreed to pay attorney's fees and costs pursuant to subsequent motion. Pursuant to the settlement agreement, Mr. Kuo was to pay any award of attorney's fees and costs in monthly installments. Mr. Kuo paid the damages amount as agreed.

On January 7, 2013, the State Court entered an order awarding Ms. Negrete Rivera $60,796.45 in attorney's fees and costs (the "1st Fee Award"). On September 30, 2014, Ms. Negrete Rivera recorded an abstract of judgment (the "2014 Abstract") against Mr. Kuo based on the 1st Fee Award.[6] Recording the 2014 Abstract gave rise to a judgment lien under California law.[7]

On October 10, 2014, the State Court entered an order awarding Ms. Negrete Rivera $6,587.50 in attorney's fees and costs (the "2nd Fee Award"). On January 21, 2015, Ms. Negrete

---

[5] Maria Lopez Negrete Rivera v. Roger Kuo, et. al., Case No. CGC-11-513531 (San Francisco Sup.Ct.) (the "State Court Action").

[6] Dkt. 20.

[7] Cal. Code of Civ. P. ("CCP") § 697.310(a).

Rivera recorded an abstract of judgment (the "2015 Abstract") against Mr. Kuo based on the 2nd Fee Award.[8] Recording the 2015 Abstract gave rise to a judgment lien under California law.[9]

On July 11, 2016, the State Court entered a judgment (the "Judgment")[10] subsuming the outstanding amounts owing from the 1st Fee Award and 2nd Fee Award for a total award of $44,542.06. On August 5, 2016, Ms. Negrete Rivera recorded an abstract of judgment (the "2016 Abstract") against Mr. Kuo based on the Judgment.[11] Recording the 2016 Abstract gave rise to a judgment lien under California law.[12]

On July 29, 2024, Mr. Kuo filed Chapter 13 Case No. 24-30566.[13] Mr. Kuo filed a plan on August 8, 2024,[14] pursuant to which he proposes 60 monthly payments of $1,100.00 to pay administrative claims, priority unsecured claims, and a portion of unsecured non-priority claims.

Mr. Kuo commenced this proceeding on August 20, 2024 to avoid Ms. Negrete Rivera's judgment liens pursuant to § 544(a)(1).[15]

---

[8] Dkt. 20, Ex. 103.

[9] CCP § 697.310(a).

[10] Dkt. 20, Ex. 101.

[11] Dkt. 38-2.

[12] CCP § 697.310(a).

[13] The court will cite to pleadings filed in Mr. Kuo's underlying bankruptcy case as "BK Dkt."

[14] BK Dkt. 14.

[15] Unless otherwise indicated, all statutory citations will refer to Title 11 of the United States Code (the "Bankruptcy Code"). All citations to a "Bankruptcy Rule" will refer to one of the Federal Rules of Bankruptcy

On September 18, 2024, Ms. Negrete Rivera filed proof of claim no. 6-1 ("POC 6-1") asserting a debt of $80,419.76, secured in the amount of $11,893.61. POC 6-1 attached a copy of the 1st Fee Award, the 2015 Abstract, and the Judgment.

On December 11, 2024, with leave of court, Mr. Kuo filed a first amended complaint to add a cause of action seeking disallowance of POC 6-1.[16]

On January 3, 2025, Ms. Negrete Rivera filed an answer to the FAC.[17] The Answer concedes that the 2014 Abstract, the subject of the first cause of action pled in the FAC, is expired and unenforceable.[18]

On March 27, 2025, Ms. Negrete Rivera filed amended proof of claim no. 6-2 ("POC 6-2") asserting a secured debt of $80,419.76. POC-2 attached a copy of the 2016 Abstract and the Judgment.[19]

POC 6-2 was filed after the FAC and is not the subject of any cause of action pled therein. Nonetheless, in their respective pleadings and at the May 22, 2025 hearing, the parties consented to adjudication of the issues raised in the cross-motions for summary judgment regarding POC 6-2 and the 2016 Abstract.

---

Procedure and all citations to a "Civil Rule" will refer to one of the Federal Rules of Civil Procedure.

[16] Dkt. 20 (the "FAC").

[17] Dkt. 22 (the "Answer").

[18] Id. at ¶ 27.

[19] The existence of the 2016 Abstract was not known to Ms. Negrete Rivera at the time POC 6-1 was filed nor to Mr. Kuo when the FAC was filed. Defendant's counsel discovered a copy of the 2016 Abstract in his files while trying to locate a cleaner copy of the 2015 Abstract to attach as an exhibit to the Negrete Rivera Motion. Dkt. 38.

## II. Summary of Arguments

Mr. Kuo argues that: **(i)** the 2014 Abstract, 2015 Abstract, and 2016 Abstract are defective because they each fail to reflect Ms. Negrete Rivera's personal mailing address as required by CCP § 674(a)(4); **(ii)** the 2014 Abstract and 2015 Abstract are null because they are not based on actual judgments, but rather fee awards that were issued prior to entry of the Judgment; **(iii)** the 2015 Abstract expired October 10, 2024 because the underlying 2nd Fee Award was not renewed; **(iv)** the 2016 Abstract was not properly indexed and is avoidable because it did not provide constructive notice of the judgment lien; and **(v)** POC 6-2 should be disallowed because it was untimely filed, or alternatively, should only be allowed if the court adjudicates the enforceability of the 2016 Abstract ; **(vi)** POC 6-2 should only be allowed as an unsecured claim because Negrete Rivera does not hold any valid judgment liens; and **(vii)** any allowed unsecured claim is not entitled to interest based on Ms. Negrete Rivera's failure to file a Memorandum of Costs After Judgment, Acknowledgment of Credit and Declaration of Accrued Interest-Judicial Counsel of California Form MC-012 (the "<u>MOC</u>").

Ms. Negrete Rivera argues that: **(i)** the 2015 Abstract did not expire on October 10, 2024 because § 108(c) stayed the expiration of the underlying 2nd Fee Award; **(ii)** the 2nd Fee Award constitutes a money judgment and is a proper basis for the 2015 Abstract; **(iii)** the 2015 Abstract and 2016 Abstract substantially comply with CCP § 674(c)(4) and are enforceable; **(iv)** the 2015 Abstract remains enforceable in the event the 2016 Abstract is found defective due to improper indexing; **(v)** an objection to

claim cannot be brought in an adversary proceeding; and **(vi)** POC 6-2 properly includes interest at the statutory rate provided in CCP § 685.010.

**III. Legal Standard**

Civil Rule 56, which applies in this action pursuant to Bankruptcy Rule 7056, provides that "a party may move for summary judgment […] The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "The moving party initially bears the burden of proving the absence of a genuine issue of material fact."[20] If the movant satisfies its burden, "the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial."[21] In doing so, the non-moving party must "show more than the mere existence of a scintilla of evidence" or that "there is some "metaphysical doubt" as to the material facts at issue.[22] No genuine issue of material fact exists if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[23]

---

[20] In re Oracle Corp. Sec. Litigation, 627 F.3d 376, 387 (9th Cir. 2010); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

[21] In re Oracle Corp. Sec. Litigation, 627 F.3d at 387; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

[22] In re Oracle Corp. Sec. Litigation, 627 F.3d at 387.

[23] Celotex, 477 U.S. at 322.

## IV. Analysis

### A. Preliminary Considerations

POC 6-2 supersedes originally filed POC 6-1. The secured debt asserted in POC 6-2 is based on the 2016 Abstract and underlying Judgment. The Judgment subsumed the outstanding amounts owing on the 1st Fee Award and 2nd Fee Award. Based on the foregoing, the court will focus its analysis on POC 6-2, the operative claim in the bankruptcy case, and the 2016 Abstract that serves as its basis.

The court notes that the parties make a wide breadth of arguments in favor of and against a finding that the 2015 Abstract and 2016 Abstract are defective. The court need not, and will not, reach all those arguments because the issue of whether the 2015 Abstract and the 2016 Abstract substantially complied with CCP § 674(c)(4), and are therefore effective, is dispositive of the cross-motions for summary judgment.

### A. Mr. Kuo Properly Included the Claim Objection in the FAC

Ms. Negrete Rivera's assertion that Mr. Kuo is not permitted to object to POC 6-2 via an adversary proceeding is incorrect. An objection to a proof of claim may be brought as an adversary proceeding. "Nothing in the Rules or Code specifically precludes an objection to claim being brought as an adversary proceeding […] The adversary procedure imposes no additional hardship on the claimant and, in fact, it affords a claimant heightened due process."[24] Bankruptcy Rule 3007(b) prohibits a party from

---

[24] In re Moi, 381 B.R. 770, 772 (Bankr. S.D. Cal. 2008).

including a request for relief in a claim objection that requires an adversary proceeding. "A party in interest may, however, include an objection to the allowance of a claim in an adversary proceeding."[25]

**B. POC 6-2 was Timely Filed**

Mr. Kuo's assertion that POC 6-2 was untimely filed is not well taken. "The Ninth Circuit has a 'long established liberal policy that permits amendments to a proof of claim.'"[26] "The bankruptcy court, in the absence of prejudice to an opposing party, should freely allow claim amendments 'when the purpose is to cure a defect in the claim as filed or to describe the claim with greater particularity.'"[27] In the Ninth Circuit, amendments to a timely filed proof of claim relate back if the original claim "provided fair notice of the conduct, transaction, or occurrence that forms the basis of the claim asserted in the amendment."[28] Mr. Kuo has not alleged any prejudice that would result from permitting the amendment or argued that POC 6-2 does not relate back to originally filed POC 6-1. The court notes that POC 6-1 attached a copy of the Judgment, also attached to POC 6-2. The court concludes that POC 6-2 relates back to POC 6-1 and is therefore, timely filed.

---

[25] Bankruptcy Rule 3007(b) advisory committee's note to 2007 amendment.

[26] In re Med Equity, LLC, 2022 WL 2719838 (B.A.P. 9th Cir. July 13, 2022); quoting In re Roberts Farms Inc., 980 F.2d 1248, 1251 (9th Cir. 1992).

[27] Id.; quoting In re Sambo's Rests., Inc., 754 F.2d 811, 816-17 (9th Cir. 1985).

[28] In re Jackson, 541 B.R. 887, 891 (B.A.P. 9th Cir. 2015); citing In re Solari, 63 B.R. 115, 117 (9th Cir. 1986).

**C. The 2016 Abstract Does Not Substantially Comply with CCP § 674(a)(4)**

In Kuo v. Schulman,[29] the court held that the abstract of judgment at issue did not substantially comply with CCP § 674(a)(4) because while it correctly identified the judgment creditor in Line 3, it did not provide the judgment creditor's actual address but rather, its counsel's address. The court reached this conclusion based on the Ninth Circuit's holding in In re Ahn.[30]

In Ahn, judgment creditors recorded an abstract that set forth only the name and address of the judgment creditors' attorney and did not otherwise identify the judgment creditors.[31] The Ninth Circuit explicitly held that "the inclusion of the [creditors'] attorney's address on the abstract of judgment does not constitute substantial compliance with [CCP] section 674(a)(4)'s requirement that the abstract contain the judgment creditor's address."[32] Notably, the court concluded that "the plain language of [CCP] section 674 requires the address of the judgment creditor, not the address of the judgment creditor's attorney."[33] The Ninth Circuit pointed to the clear directive in In re Keele that "the application of a liberal construction to

---

[29] 668 B.R. 328 (Bankr. N.D. Cal. 2025).

[30] 804 F. App'x 541 (9th Cir. 2020).

[31] Id. at 545.

[32] Id. at 546.

[33] Id.

the statute would frustrate legislative intent regarding the specific contents of abstracts."[34]

Here, just as in Kuo v. Schulman, the 2015 Abstract correctly identified Ms. Negrete Rivera as the judgment creditor in Line 3 but provided her counsel's address instead of Ms. Negrete Rivera's actual address. The fact pattern in this case is indistinguishable from the fact pattern in Kuo v. Schulman. As such, the court is compelled to apply its ruling in Kuo v. Schulman to this case. The court finds as a matter of law that the 2016 Abstract fails to comply with CCP § 674(a)(4) and is defective, rendering Ms. Negrete Rivera's judgment lien invalid.

**D. The 2015 Abstract Does Not Substantially Comply with CCP § 674(a)(4)**

The 2015 Abstract suffers from the same defect as the 2016 Abstract: it provides Ms. Negrete Rivera's counsel's address in Line 3. For the same reason set forth above, the court finds as a matter of law that the 2015 Abstract fails to comply with CCP § 674(a)(4) and is defective, rendering Ms. Negrete Rivera's lien invalid.

**E. The 2014 Abstract is Expired and Unenforceable**

Ms. Negrete Rivera has conceded that the 2014 Abstract is expired and unenforceable.[35] The court concludes as a matter of law that the 2014 Abstract is expired and unenforceable, rendering the judgment lien invalid.

---

[34] Keele v. Reich, 169 Cal. App. 3d 1129, 1133 (Cal. Ct. App. 1985).

[35] Answer, ¶ 27.

**F. POC 6-2 Properly Includes Interest on the Judgment**

The court is unpersuaded by Mr. Kuo's argument that Ms. Negrete Rivera is not entitled to include interest on the Judgment in POC 6-2 based on her failure to file a Memorandum of Costs After Judgment. Per CCP § 685.010, "interest accrues at the rate of 10 percent per annum on the principal amount of a money judgment remaining unsatisfied."

The MOC is an affidavit that must be filed in connection with requesting the issuance of a writ of execution. Here, Ms. Negrete Rivera is not seeking issuance of a writ of execution to levy on Mr. Kuo's earnings or bank account(s). She has filed a proof of the claim, as required by the Bankruptcy Code, to receive distributions as a creditor pursuant to a confirmed plan. The court notes that POC 6-2 does not include any amount for costs incurred pertaining to enforcement of the Judgment.

Kuo asserts that the filing of a proof of claim constitutes an act of enforcement thereby requiring the filing of an MOC. Kuo cites to In re Jones,[36] and In re Coxson,[37] in support of that assertion. Neither of those cases address the issue of whether Ms. Negrete Rivera is foreclosed from collecting interest on the Judgment because she did not timely file a MOC in the state court case. Jones and Coxson concluded that the filing of a proof of claim constitutes "an action to collect the debt" in the context of determining whether a debtor may raise TILA violations defensively in an objection to a proof of claim filed more than a

---

[36] 122 B.R. 246, 250 (W.D. Pa. 1990)

[37] 43 F.3d 189 (5th Cir. 1995)

year from the asserted TILA violation. Those cases have no application here. Mr. Kuo has failed to demonstrate that Ms. Negrete Rivera is not entitled to interest on the Judgment in the amount of $35,877.70, as reflected in POC 6-2.

For the reasons set forth above, the court **ORDERS** as follows:

1. The Kuo Motion is hereby **GRANTED**;

2. The Negrete Rivera Motion is hereby **DENIED**;

3. POC 6-2 is allowed as an unsecured claim in the amount of $80,419.76, including $35,877.70 of interest accrued at the statutory rate of ten percent per annum.

4. Mr. Kuo's counsel shall promptly upload a proposed form of judgment; **and**

4. All hearing dates and other deadlines in this proceeding are hereby **VACATED**.

**\*\*END OF ORDER\*\***

**Court Service List**